[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (NO. 23)
I. FACTUAL AND PROCEDURAL HISTORY
By way of a complaint dated April 19, 1994, the plaintiff, Robert Fromer, brought an action against Georgetown Village Condominium Association, a/k/a Georgetown II Limited Partnership, in which the plaintiff sought an injunction directing the defendant to make condominium association records available to him. The plaintiff also sought damages and attorney's fees. The defendant was defaulted for failure to plead on July 25, 1994. On September 26, 1994, the court entered judgement for the plaintiff, and ordered the defendant to make the requested records available to the plaintiff. The court also awarded the plaintiff attorney's fees and costs. Thereafter, realizing he had sued the wrong party, on December 9, 1994, the plaintiff filed a motion to open and modify the judgment to substitute Georgetown Village Association, Inc., as the defendant. On January 17, 1995, the court opened the judgment to permit the plaintiff to serve the proper party.
On April 20, 1995, the plaintiff filed a small claims action against Georgetown Village Association, Inc. seeking collection of attorney's fees and legal costs, both of which he was unable to recover from the first defendant. The small claims action was transferred to the Superior Court and on April 16, 1996, the matter went to trial before Judge Walsh. Fromer v. GeorgetownVillage Association, Inc., judicial district of New London, Docket No. 535030. On that day, Judge Walsh rendered judgment for the defendant, holding that the plaintiff could not recover attorney's fees from Georgetown Village Association, Inc. since the fees sought were incurred during litigation of the first action against the first defendant. Judge Walsh also informed the plaintiff that the court would not order injunctive relief since the plaintiff failed to request it. Nevertheless, Judge Walsh found, based on the evidence presented, that the plaintiff had not been denied access to any records at the time the plaintiff brought the action on April 20, 1995. See April 16, 1998 transcript, pp. 3 and 4. The plaintiff commenced the present action by service of process on May 1, 1997. By way of his complaint dated April 28, 1997, the plaintiff alleges that "[o]n CT Page 8353 or about May 12, 1993 and on numerous other dates," the defendant denied the plaintiff's requests to examine corporate records. The plaintiff seeks damages, attorney's fees, and an injunction directing the defendant to make corporate records available to the plaintiff. The defendant filed its motion for summary judgment and an accompanying memorandum of law on February 13, 1998. On March 3, 1998 the plaintiff filed an objection and a memorandum in opposition. On March 11, 1998, the plaintiff filed a supplemental objection.
II. DISCUSSION
The defendant moves for summary judgment on the ground that the present action is barred by the doctrine of res judicata. The defendant argues that all of the plaintiff's claims were decided by Judge Walsh in the earlier action. In opposition, the plaintiff argues that the defendant's motion is procedurally defective, that the doctrine of res judicata is inapplicable, and that issues of material fact exist.[1]
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554, ___ A.2d ___ (1998).
"[U]nder the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim [or any claim based on the same operative facts that] might have beenmade. . . . [T]he appropriate inquiry with respect to [claim] preclusion is whether the party had an adequate opportunity tolitigate the matter in the earlier proceeding. . . ." (Emphasis in original) Connecticut National Bank v. Rytman, 241 Conn. 24,43, 694 A.2d 1246 (1997).
The plaintiff's complaint in the earlier action before Judge CT Page 8354 Walsh alleged that the defendant refused the plaintiff's requests for inspection of corporate records. Although the plaintiff did not seek injunctive relief in that action, he had an opportunity to do so.[2] Indeed, Judge Walsh informed the plaintiff that he would not order the defendant to make corporate records available to the plaintiff because the plaintiff failed to request injunctive relief. Nevertheless, Judge Walsh found that the plaintiff had not been denied access to corporate records at the time the plaintiff brought the second suit on April 20, 1995.
In the present action, the plaintiff seeks an injunction directing the defendant to make corporate records available to the plaintiff and attorney's fees and costs. Judge Walsh's decision addressed the merits of these claims in the earlier action. The complaint in the present action does not allege that the plaintiff has been denied access to corporate records since Judge Walsh's decision was rendered on April 16, 1996, nor does the plaintiff set forth any facts indicating such. The complaint merely states [o]n or about May 12, 1993 and on numerous other dates" the plaintiff was denied access to corporate records.[3]
The plaintiff has not met his burden of showing that a genuine issue of material fact exists, as he has not presented evidence disclosing the existence of such an issue.
III. Conclusion
Accordingly, the defendant's motion for summary judgment is granted.
Handy, J.